# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**DARNELL WILLIAMS, AIS # 197188** :

    **Petitioner,** :

**v.** : CIVIL ACTION NO. 10-00015-CG-B

**RICHARD ALLEN,** :

    **Respondent.** :

## REPORT AND RECOMMENDATION

Darnell Williams, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Williams challenges the validity of his 2006 convictions in the Circuit Court of Mobile County, Alabama, for two counts of reckless murder, for which he received two life sentences to run concurrently. (Doc. 1 at 2).

This matter is now before the undersigned Magistrate Judge on Williams' petition, Respondent's answer, exhibits filed by the parties, and the state court records. Following a careful review of the petition and record, the undersigned is satisfied that Williams' petition is untimely, and that he has failed to proffer facts which warrant equitable tolling. Therefore, it is recommended that the instant habeas petition be dismissed as time barred and that judgment be entered in favor of Respondent,

Richard Allen, and against Petitioner, Darnell Williams, pursuant to 28 U.S.C. § 2244(d).

## Findings of Fact

The Alabama Court of Criminal Appeals found the facts of this case to be as follows:[1]

> Darnell Williams was charged by indictment with two counts of reckless murder, violations of § 13A-6-2, Ala. Code 1975. The indictments alleged that Williams "did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to a person other than the said Darnell Williams," and caused the deaths of Kenyatta Willette Smith and her infant daughter, Nahyawna K. Smith, "by failing to stop for a law enforcement officer and/or attempting to [elude] the police and/or speeding and [losing] control of the vehicle" he was driving and in which Kenyatta and her daughter were passengers. (C. 9-10). Following a jury trial, Williams was convicted as charged in the indictments and the trial court sentenced him to serve concurrent terms of life imprisonment.
>
> The State's evidence indicated that at approximately 12:30 a.m. on February 20, 2004, Williams drove a blue automobile to a gasoline station and parked next to a gas pump. Robert Varney, the clerk at the

---

[1] AEDPA directs that a presumption of correctness be afforded factual findings of state courts, "which may be rebutted only by clear and convincing evidence." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Id. (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

station, turned on the pump so that Williams could pump gas into the car. Varney testified that customers could pay for the gas at the pump with a credit card or a debit card, or they could pump the gas and then walk inside the store to pay for it. Varney testified that when he looked out the window where Williams's car was parked, he observed that a woman, later identified as Kenyatta Smith, was pumping gas and that Williams was sitting in the driver's seat of the car. When Varney looked out the window again, he saw that the hose from the gas pump was lying on the ground and that Williams was driving away without paying $18.67 for the gas he and the woman had pumped. Varney said that the car went behind the building, so he ran outside hoping to see the license tag on the car when it came from behind the building.

During the time Williams and Smith were pumping gas, Mobile Police Officer Rodney Greeley had been parked across the street from the gas station in a dark area and he was completing paperwork from a prior call and observing the traffic. He saw Williams's blue car pull into the gas station and he saw Williams get out of the car and begin to pump gas. A few minutes later, Officer Greeley saw the female passenger get out of the car, speak to Williams, and continue to pump gas while Williams returned to the driver's side of the car and got inside. Officer Greeley saw the woman remove the nozzle of the hose from the car's gas tank and lay the hose on the ground. He then saw her get in the passenger side of the car and the car travel behind the building. Officer Greeley knew that the couple had not paid for the gas, so he drove across the street and entered the parking lot of the gas station.

Officer Greeley arrived on the premises when Varney came out of the building. Varney

3

motioned to the police officer and pointed at Williams's car. Officer Greeley activated his emergency lights and pulled in behind Williams as he left the parking lot. Officer Greeley testified that Williams drove the car to the right shoulder of the road as if he was going to stop, but that after Officer Greeley pulled his patrol car behind Williams's car, Williams accelerated and drove away. Officer Greeley activated the patrol car's sirens in addition to the emergency lights and followed Williams as he sped away. Officer Greeley testified that they traveled at speeds in excess of 78 miles per hour, but that he had to slow his patrol car because he was driving through two curves. Officer Greeley sped up after he passed through the curves and was traveling at approximately 75 miles per hour. According to Officer Greeley, Williams began driving even faster because he quickly created a gap between his car and Officer Greeley's car. Officer Greeley estimated that Williams was traveling at speeds in excess of 85 miles per hour.

Williams and Officer Greeley reached a small hill with a traffic light on the downside of the hill. Officer Greeley observed that the traffic light was red for cars traveling in the direction he and Williams were traveling. Officer Greeley observed Williams drive into the intersection and strike a vehicle that had been in the intersection to make a left-hand turn in front of Williams. After Williams's car collided with the car in the intersection, Officer Greeley saw Williams's car veer to the right, strike a curb, and then strike a tree. After the car struck the tree, it exploded. When Officer Greeley reached the scene of the crash, Williams's car was on fire so he extinguished the part of the fire that was burning near Williams as he sat in the driver's seat. Officer Greeley said that the entire passenger's side of

4

> Williams's vehicle had been torn away as a
> result of the force of the crash, and that
> the adult female passenger, Kenyatta Smith,
> had been thrown from the vehicle and was
> dead in the roadway. When fire-department
> personnel arrived, they discovered that an
> infant child had been in the rear seat of
> Williams's car. The parties stipulated that
> Kenyatta Smith died of blunt force injuries
> to the head, neck, abdomen, and pelvis that
> she sustained in the crash, and that
> Nahyawna Smith died of blunt force injuries
> to the head, neck and abdomen that she
> sustained in the crash.

(Doc. 7, Ex. D at 1-3).

On August 21, 2006, Petitioner was tried in the Circuit Court of Mobile County, Alabama, and on August 23, 2006, was convicted of murder. (Doc. 7, Att. 1 at 10, 12-14). On September 20, 2006, Petitioner filed a motion for a new trial, which the trial court denied. (Doc. 7, Att. 1 at 11). Petitioner then filed a notice of appeal to the Alabama Court of Criminal Appeals, which affirmed his convictions on September 21, 2007, in an unpublished memorandum opinion. (Doc. 7, Att. 6). Petitioner did not file an application for rehearing or a petition for a writ of certiorari with the Alabama Supreme Court. On October 11, 2007, the Alabama Court of Criminal Appeals issued a Certificate of Judgment. (Doc. 7, Att. 7).

On March 26, 2008, Petitioner filed a petition for post-conviction relief, *pro se*, pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 7, Att. 8 at 7). On June 4,

2008, the Mobile County Circuit Court denied the petition, and Petitioner appealed the denial to the Alabama Court of Criminal Appeals on June 27, 2008. (Id. at 7-8). The Alabama Court of Criminal Appeals affirmed the denial of the petition in an unpublished memorandum opinion on May 22, 2009. (Doc. 7, Att. 11). Petitioner did not file an application for rehearing, but apparently filed a motion for an enlargement of time to file an application for rehearing, and said motion was "returned" to Petitioner, along with the Certificate of Judgment issued on June 10, 2009, making the case final. (Doc. 7, Atts. 12, 13).

On January 4, 2010,[2] Petitioner filed the instant petition seeking habeas corpus relief. He set forth three claims in support of his request for habeas relief.[3] (Doc. 1). On March

---

[2] Williams' petition is actually date stamped as "filed" on January 7, 2010, however, pursuant to the "mailbox rule," the petition is deemed filed on January 4, 2010. Under the mailbox rule, a prisoner's pleading "is deemed filed on the date it is delivered to prison officials for mailing," which, absent contrary evidence, is the date the prisoner signed the pleading. Fuller v. Terry, No. 09-13359, 2010 WL 2232287 at * 1 (11th Cir. June 3, 2010); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

[3] Petitioner claims that his Fourteenth Amendment due process rights were violated when the trial court instructed the jury that if it found him guilty of the reckless murder of Kenyatta Smith, that it must also find him guilty of the reckless murder
(Continued)

6

11, 2010, Respondent[4] filed an Answer, asserting that Petitioner's petition should be dismissed as untimely under 28 U.S.C. § 2244(d) and as procedurally defaulted.[5] The Court will now address these issues.

## DISCUSSION

Title 28 U.S.C. § 2254 governs the authority of the federal courts to consider applications for writs of habeas corpus submitted by state prisoners. Henderson v. Campbell, 353 F.3d

---

of her daughter Nahyawna, and that his rights were also violated because the trial court denied his motion to dismiss the indictment on the ground that reckless murder was not applicable to the facts of this case as there were no drugs or alcohol involved in the accident. Second, Petitioner claims that his rights to be free from double jeopardy were violated when he was tried and convicted for the deaths of both Kenyatta and Nahyawna Smith, when there was only one accident. It is Petitioner's belief that there should have been only one count of murder. Petitioner's final claim is that he was denied the effective assistance of counsel based upon his trial counsel's failure to object to his being subjected to double jeopardy when he was tried for two counts of murder, arising only from a single automobile accident. (Doc. 1).

[4] Upon motion of the Attorney General of the State of Alabama, the Court substituted Richard Allen, Commissioner of the State of Alabama Department of Corrections, in place of the original Respondent Michael Striedel. Petitioner is housed at privately owned Perry County Correctional Facility, but Rule 2(a) of the Rules Governing Section 2254 Cases requires the state officer who has custody of the petitioner to be named in the petition. (Docs. 6, 9).

[5] Having found herein that Petitioner's habeas petition is due to be dismissed as untimely, the issue of whether Petitioner's claims are procedurally defaulted is pretermitted.

880, 889 (11th Cir. 2003). Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective April 24, 1996. Id. at 890. Since Petitioner filed his petition on January 7, 2010, this case is governed by AEDPA.

Pursuant to 28 U.S.C. § 2244(d), as amended, a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

As discussed above, the record reflects that the Alabama Court of Criminal Appeals affirmed Petitioner's conviction on September 21, 2007. (Doc. 7, Att. 7). Petitioner did not file an application for rehearing or a petition for a writ of certiorari with the Alabama Supreme Court, and on October 11, 2007, the Alabama Court of Criminal Appeals issued a Certificate of Judgment.[6] (Id.). Therefore, October 11, 2007, is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[7]

---

[6] The filing of an application of rehearing is a prerequisite for certiorari review by the Alabama Supreme Court. Ala. R. App. P. 40(d)(1) ("In all criminal cases except pretrial appeals by the state, the filing of an application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite to certiorari review by the Alabama Supreme Court.").

[7] When calculating the timeliness of a habeas petition brought under § 2254, the judgment ordinarily is not considered final until "90 days after entry of judgment in the state court of last resort," allowing credit for the time period during which a petitioner may seek certiorari review in the United
(Continued)

9

After October 11, 2007, Petitioner had one year, or until October 11, 2008, to file a federal habeas petition, or to file a collateral review petition in state court that would toll the running of the federal period of limitations pursuant to 28 U.S.C. § 2244(d). On March 26, 2008, having waited 166 days following the final judgment of his conviction, Petitioner filed a Rule 32 petition in state court, which was denied. (Doc. 7, Att. 11). The Alabama Court of Criminal Appeals affirmed the denial on May 22, 2009, and issued a Certificate of Judgment on June 10, 2009, thus making the denial of the petition final. (Doc. 7, Att. 12). Petitioner filed a motion for enlargement of time to file a petition for rehearing which the Alabama Court of

---

States Supreme Court. Jackson v. Secretary for the Dep't of Corrs., 292 F.3d 1347, 1348 (11th Cir. 2002). However, because Petitioner did not file an application for rehearing and a petition for certiorari review by the Alabama Supreme Court, he was not entitled to the additional ninety days for seeking certiorari review in the United States Supreme Court. See Jones v. Albright, 2010 U.S. Dist. LEXIS 47260, *23 n. 8 (S.D. Ala. April 15, 2010) ("Jones did not file a proper certiorari petition seeking direct review of her conviction and sentence in the state court of last resort, that is, the Alabama Supreme Court; therefore, she was not entitled to seek direct review in the United States Supreme Court … and this Court need not add to that final judgment date the 90 days contemplated in Supreme Court Rule 13.1 …"); see also Lewis v. Wheeler-White, 2010 U.S., Dist. Lexis 77353, *4, n.4 (S.D. Ala. July 1, 2010)("[B]ecause Petitioner did not file an application for rehearing and a petition for certiorari review by the Alabama Supreme Court, she was not entitled to the additional ninety days for seeking certiorari review in the United States Supreme Court.).

Criminal Appeals declined to accept on June 12, 2009. (Doc. 7, Att. 13). The record does not reflect and Petitioner does not contend that he ever filed a petition for writ of certiorari. Thus, Petitioner's time in which to file his federal habeas petition, having been tolled on March 26, 2008, began to run again on June 11, 2009.[8] With 365 days in a calendar year, Petitioner had remaining 199 days in which to file his federal habeas petition, with the deadline for filing said petition being December 28, 2009. However, Petitioner did not file his petition until January 4, 2010, which was several days after the one year limitation period had expired.(Doc. 1). Consequently, his federal habeas petition was untimely filed.

Before recommending dismissal of Williams' petition for habeas relief as untimely, the undersigned must determine whether Petitioner has pled extraordinary circumstances which

---

[8] The Court notes that the state court record reflects that on April 16, 2007, Petitioner filed a motion to reconsider pursuant to Ex Parte Kirby, which the Mobile County Circuit Court denied on December 18, 2007. (Doc. 7, Att. 8 at 6). The record also reflects that on January 31, 2008, Petitioner again filed a motion to reconsider pursuant to Ex Parte Kirby, which the Mobile County Circuit Court again denied on April 10, 2008. (Id.). However, these motions do not toll the time for filing Petitioner's habeas petition in this Court. See Drury v. United States, 507 F.3d 1295, 1297 (11th Cir. 2007) (holding that petitioner's motion for reconsideration of Supreme Court's decision did not toll the time for filing habeas petition).

require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dep't of Corrections, 259

F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Dep't of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

Williams has not established a basis for equitable tolling of the statutory limitations period (Doc. 8). In his response to Respondent's Answer (Doc. 8), Williams argues that his untimely filing should be excused because he does not possess a high school diploma nor a GED, and he has limited access to legal advice and legal materials; thus, he cannot be expected to be familiar with the requirements for timely seeking a rehearing before the Alabama Court of Criminal Appeals, and filing a writ of certiorari with the Alabama Supreme Court. The Court rejects Petitioner's assertion that he is entitled to equitable tolling due to his limited education and lack of counsel. First, Williams' petition, and his other filing with this Court reflect a basic understanding of these proceedings. Further, the law is well settled that there is no right to counsel in a habeas proceeding. See Lawrence v. Florida, 549 U.S. 327, 336-37, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007)("Attorney miscalculation [of habeas limitations period] is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel") (citations omitted). See also, Lovato v. Suthers, 42

Fed. Appx. 400, 402 (10th Cir. 2002)(unpublished) (neither ignorance of the law nor lack of an attorney warrant the application of equitable tolling to the untimely filing of a federal habeas application.) As noted supra, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000). The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. <u>Drew</u>, 297 F.3d at 1286. Williams has not alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. Equitable tolling is inapplicable to the present case and does not save Petitioner's untimely filing of his habeas petition. Accordingly, Petitioner's petition is due to be dismissed.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases

(December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.").

In the instant action, Williams' claims are clearly time barred, and he has failed to present extraordinary circumstances beyond his control which prevented him from filing this action in a timely manner. Steed, 219 F.3d at 1300. Under the facts of this case, a reasonable jurist could not conclude either that

15

this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Williams' petition should be dismissed and, he is not entitled to a certificate of appealability.

## **CONCLUSION**

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Williams' petition for habeas corpus be dismissed as untimely filed and that judgment be entered in favor of the Respondent, Richard Allen, and against the Petitioner, Darnell Williams.  It is further recommended that any motion for a Certificate of Appealability be denied.

The instructions which follow contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **30th** day of **November, 2010.**

            <u> /s/ SONJA F. BIVINS </u>
            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. <u>Objection</u>. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[9] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[9] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" <u>Fed. R. Civ. P. 72(b)(2)</u>.

2. <u>Opposing party's response to the objection</u>. Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed. R. Civ. P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.